IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LISA KAY KELLY                                                                                                PLAINTIFF

v.                          NO. 4:07CV01192 HDY

MICHAEL J. ASTRUE, Commissioner                                      DEFENDANT
of the Social Security Administration

### MEMORANDUM OPINION AND ORDER

BACKGROUND. The record reflects that in August of 2005, plaintiff Lisa Kay Kelly ("Kelly") filed applications for disability insurance benefits and supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act"). Her applications were denied initially and upon reconsideration. She next requested, and received, a de novo administrative hearing. After two administrative hearings, an adverse ruling was issued.[1] Kelly appealed the ruling to the Appeals Council where the ruling was affirmed. That ruling became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). In December of 2007, Kelly commenced this proceeding in which she challenged the Commissioner's final decision.

---

[1] The first administrative hearing was held on August 24, 2006. Kelly was not represented by counsel at that hearing. See Transcript at 443-444. The second administrative hearing was held on February 28, 2007. She was represented by counsel at that hearing. See Transcript at 463, 465.

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." See Id. at 1012.

THE COMMISSIONER'S FINDINGS. The Commissioner made findings pursuant to the five step sequential evaluation process. At step one, the Commissioner found that Kelly has not engaged in substantial gainful activity since the alleged onset date of December 2, 2004. At step two, the Commissioner found that Kelly is severely impaired as a result of "fibromyaligia, pain, and a mental impairment primarily identified as depression." See Transcript at 19. The Commissioner specifically discounted the severity of Kelly's other impairments, specifically noting that her diabetes mellitus and seizure disorder constitute only "slight abnormalities having such minimal effect on her that they would not be expected to interfere with her ability to work regardless of her age, education, and work experience." See Transcript at 18. At step three, the Commissioner found that Kelly does not have an impairment or combination of impairments listed in, or medically equal to one listed in, the governing regulations. The Commissioner then assessed Kelly's residual functional capacity. In doing so, the Commissioner considered Kelly's allegation of disabling pain and/or fatigue. With regard to that allegation, the Commissioner found as follows:

> [Kelly] contends that she is unable to work because of back pain and overall joint pain and weakness, and mental deficits secondary to depression.  Her medications are shown at Exhibit 20E and at the hearing she testified that her medication side-effects make her nauseous.  However, although she alleges her daily activities are limited, when examined on November 1, 2004, she stated she "… is having to travel back and forth on week-ends to Texas to help [take] care of her step-daughters …" (Exhibit 11F/5).  Moreover, when examined on September 21, 2005, she reported that she goes to her son's football games; that she can perform her personal hygiene; that she is a licensed driver; that her husband goes with her grocery shopping; and that cooking and laundry is shared by everyone in the household.  (Exhibit 12F).  These activities are inconsistent with her alleged functional limitations.  Additionally, her allegations are clearly inconsistent with the State Agency physicians' well supported assessments.  [Citations omitted].  Therefore, considering the medical record which is essentially negative, and all other avenues of [Kelly's] contentions which appear contradictory and self-serving, I find that symptomatology did not further limit [Kelly's] residual functional capacity for a wide range of light work activity on a sustained basis.

See Transcript at 23.  At step four, the Commissioner found that Kelly retains sufficient residual functional capacity to perform her past relevant work as a cashier II because the work "does not require the performance of work-related activities precluded by [her] residual functional capacity."  See Transcript at 23.  Given that finding, the Commissioner concluded that Kelly is not disabled within the meaning of the Act.

KELLY'S ASSERTIONS.  Are the Commissioner's findings supported by substantial evidence on the record as a whole?  Kelly thinks not and advances several reasons why, only one of which the Court will address.  She maintains that the Commissioner failed to give proper consideration to her subjective complaints of pain and/or fatigue.  The Court agrees, and a remand is therefore warranted.

KELLY'S SUBJECTIVE COMPLAINTS. Kelly maintains that the Commissioner failed to properly evaluate her subjective complaints of pain and/or fatigue. Specifically, she maintains the following:

> The [Commissioner] not only disregarded [Kelly's] credible testimony, he also disregarded much of the medical evidence of record. Moreover, the [Commissioner] did not explicitly state his reasons for questioning [her] credibility, nor did he produce any evidence to the contrary. Finally, the [Commissioner] made no effort to develop the record to clarify any uncertainties which he may have had.

See Document 10 at 25.

In Pearsall v. Massanari, 274 F.3d 1211, 1217-1218 (8th Cir. 2001), the Court of Appeals stated the following with regard to the proper evaluation of a claimant's subjective complaints:

> It is the [Commissioner's] responsibility to determine a claimant's RFC [i.e., residual functional capacity] based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations. Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995). Before determining a claimant's RFC, the [Commissioner] first must evaluate the claimant's credibility. In evaluating subjective complaints, the [Commissioner] must consider, in addition to objective medical evidence, any evidence relating to: a claimant's daily activities; duration, frequency and intensity of pain; dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. See Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984). Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. Id. at 1322. ... The credibility of a claimant's subjective testimony is primarily for the [Commissioner] to decide, not the courts.  See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir.1987).

See also Social Security Ruling 96-7p.[2] The Commissioner must make express credibility determinations and set forth the inconsistencies in the record which cause the Commissioner to reject the claimant's complaints. See Eichelberger v. Barnhart, 390 F.3d 584 (8th Cir. 2004) [citing Masterson v. Barnhart, 363 F.3d 731 (8th Cir. 2004)]. The Commissioner need not explicitly discuss each Polaski v. Heckler factor but "only need acknowledge and consider those factors before discounting a claimant's subjective complaints." See Id. at 590 [citing Strongson v. Barnhart, 361 F.3d 1066 (8th Cir. 2004)].[3]

The Court has carefully reviewed the Commissioner's analysis of Kelly's subjective complaints. For the following reasons, the Court finds that the analysis does not conform to the requirements of Polaski v. Heckler. First, the Commissioner's analysis appears to somewhat mis-characterize the medical record. The Commissioner found that "the medical record ... is essentially negative ..." See Transcript at 23. To the contrary, the medical record contains evidence of, inter alia, fibromyaligia and back problems apparently related to injuries Kelly sustained in an automobile accident.

---

[2] Social Security Ruling 96-7p provides that the Commissioner's evaluation of a claimant's credibility must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.... It is not sufficient for the adjudicator to make a single, conclusory statement that the individual's allegations have been considered ... [nor is it] enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms." See Arnold v. Barnhart, 473 F.3d 816, 822 (7th Cir. 2007).

[3] An additional note is in order. Complaints of fatigue are analyzed under the same standard as complaints of pain. See Jackson v. Bowen, 873 F.2d 1111 (8th Cir. 1989).

Second, the lion's share of the Commissioner's analysis is devoted to Kelly's daily activities, activities the Commissioner found are "inconsistent with her alleged functional limitations." See Transcript at 23. The Commissioner specifically noted that on November 1, 2004, Kelly represented that she was having to travel back and forth to Texas on the week-ends to help care for her step-daughters. The representation, though, was made one month before the alleged onset of December 2, 2004, and it is not clear what tasks she was performing in helping care for her step-daughters. It is possible that she was doing the typical tasks that parents do for their children while caring for them; it is equally possible that she was doing the bare minimum in an attempt to accommodate her pain and/or fatigue. The Court simply does not know. With regard to Kelly's other activities, they establish little as it is difficult to ascertain how they are inconsistent with her alleged functional limitations. For instance, it is not clear how possessing a drivers' license is inconsistent with any of her alleged functional limitations.

Third, although the Commissioner is not obligated to explicitly discuss each of the Polaski v. Heckler factors, the Commissioner did not explicitly discuss the duration, frequency and intensity of Kelly's pain and/or fatigue. The record is replete with her complaints of pain and/or fatigue, and there is some evidence that the complaints have an identifiable origin, namely, her fibromyaligia and/or a previous broken back. The Commissioner's failure to discuss the duration, frequency and intensity of Kelly's pain and/or fatigue, which appears to be at the heart of her claim, is not insignificant.

-6-

Fourth, the Commissioner discussed the dosage and effectiveness of Kelly's medication in one sentence, that being, "[h]er medications are shown at Exhibit 20E and at the hearing she testified that her medication side-effects make her nauseous." See Transcript at 23. It matters not that the Commissioner's treatment of this Polaski v. Heckler factor was extremely brief.[4] It does matter that the Commissioner did not state whether the medication is effective and did not provide a complete description of the side effects of the medication. With regard to the side effects of the medication, the record reflects that in addition to nauseousness, the medications also cause Kelly to become "sleepy" and "drunk." See Transcript at 110, 120, 141, 159, 166, 182.

Last, the Commissioner found that Kelly's complaints of pain and/or fatigue were "clearly inconsistent with the State Agency physicians' well supported assessments." See Transcript at 23. The record does not support such a finding as one of the State Agency physicians diagnosed Kelly with chronic pain. See Transcript at 406.

For these reasons, the Court finds that the Commissioner's analysis of Kelly's subjective complaints does not conform to the requirements of Polaski v. Heckler. The Commissioner's findings with regard to Kelly's subjective complaints are therefore not supported by substantial evidence on the record as a whole.

---

[4] It would have been helpful, though, had the Commissioner cited specific pages within Exhibit 20E rather than simply cite the entire exhibit, which is comprised of documents approximately ninety-seven pages in length.

CONCLUSION. Having found that the Commissioner's findings with regard to Kelly's subjective complaints are not supported by substantial evidence on the record as a whole, a remand is warranted. Upon remand, the Commissioner shall analyze Kelly's subjective complaints in conformity with the requirements of Polaski v. Heckler and Social Security Ruling 96-7p. The Commissioner's decision is reversed, and this proceeding is remanded. This remand is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991). Judgment will be entered for Kelly.

IT IS SO ORDERED this ___10___ day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE